MICHAEL HESSBERG, Appellant, *v.* THOMAS M. RILEY, Sheriff, etc., Respondent.

Under the provision of the Code of Civil Procedure (§ 1421), providing that where an action is brought against an officer or one acting under him, to recover a chattel levied upon by attachment or execution, or to recover damage for such levy, etc., if a bond indemnifying the officer against the levy was given, the obligors may, upon application, be substituted as parties defendant, it is not requisite in order to authorize the substitution that the bond should have been given prior to the levy. It is sufficient if it appears that it was given upon claim being made by plaintiff to the property levied upon.

Upon motion for such substitution the plaintiff may not be heard to object that notice of the motion was not served upon the officer who made the levy, as he does not represent that officer.

*It seems* that the motion being made for the benefit of the officer it is to be presumed that he has notice; and, when he does not object, that he assents to the proceeding.

The effect of said provision is to make the obligors, when substituted, liable in place of the officer and the cause of action is thereupon against them.

The legislature has power to make such provision.

The said provision includes the liability of the officer for acts incidental to
the levy and forming part of the transaction — for instance, the ejecting
of the plaintiff from, and keeping him out of, the premises wherein the
property was when levied upon.

The amount claimed in such an action was $2,000; the undertaking was for
$1,000. *Held,* that it was a matter in the discretion of the court below
whether to require additional security and that the difference did not
authorize a refusal of a motion to substitute the sureties.

(Submitted January 30, 1883 ; decided February 9, 1883.)

APPEAL from order of the General Term of the Supreme
Court, in the second judicial department, entered upon an order
made May 8, 1882, which affirmed an order of Special Term,
substituting Gustave White, Udolph White and Leopold Kleim
as defendants in this action.

The nature of the action and the material facts are stated in
the opinion.

*John H. Clayton* for appellant. The motion papers do not
disclose facts authorizing the order of substitution. (Code of
Civil Pro., §§ 1421, 1422 ; 3 R. S. [5th ed.] 54, § 43.) The
bondsmen will only be held to the strict letter of their under-
taking. (*Palmer* v. *Foley,* 71 N. Y. 109.)

*Rudolph Sampter* for respondent. Plaintiff could elect to
sue the sheriff alone, or jointly with the indemnitors, or the in-
demnitors alone, on the theory that they are joint *tort feasors*
with the sheriff. (*Herring* v. *Hoppock,* 15 N. Y. 409 ; *Weber* v.
*Ferris,* 37 How. Pr. 102.)

MILLER, J. This action was brought against defendant, the
sheriff of Kings county, for entering plaintiff's store and wrong-
fully taking away and converting certain personal property,
and also for closing said store, interrupting plaintiff's business
and injuring his credit, and damages are claimed in the sum of
$2,000. The property in question was levied upon by the
sheriff under an attachment issued in favor of Gustave White
and Simon Oberfelder, against one Emanuel Reichert; and there-
upon a bond was executed on behalf of the plaintiffs in the at-

tachment suit, to indemnify the sheriff against any loss he might sustain by reason of the levy under said attachment, which bond was in the sum of $1,000. The indemnitors on said bond made a motion to be substituted in the place and stead of the sheriff, under section 1421 of the Code of Civil Procedure, which motion was granted, and on appeal the General Term affirmed the order and the plaintiff herein appeals to this court.

The provision of the Code referred to is as follows : "Where an action to recover a chattel, hereafter levied upon by virtue of an execution, or a warrant of attachment, or to recover damages by reason of a levy upon, detention, or sale of personal property, hereafter made by virtue of an execution, or a warrant of attachment, is brought against an officer or against a person who acted by his command, or in his aid, if a bond or written undertaking, indemnifying the officer against the levy or other act, was given, in behalf of the judgment creditor, or the plaintiff in the warrant, before the action was commenced, the person or persons who gave it, or the survivors, if one or more are dead, may apply to the court for an order to substitute the applicants, as defendants in the action, in place of the officer or of the person so acting by his command or his aid." The appellant claims the proceedings were defective on various grounds, which we will consider. It is insisted that the section of the Code referred to requires that the undertaking should be given before the levy. There is nothing in the section cited that requires this specifically, and it would seem to be sufficient if the bond was executed before the action was commenced. The affidavit of the attorney for the plaintiffs in the attachment suit shows that the bond was given upon a claim being made by the plaintiff in this action, to the property levied upon, and we think this was sufficient to cover the sheriff's seizure, as the bond was given specially to indemnify him against loss by reason of such act.

The objection that notice of the motion was not given to the sheriff personally is not available to the appellant. He does not represent the sheriff and has no right to object that notice

was not served on him. The motion being made for the benefit of the sheriff the presumption is he has knowledge and notice of the fact, and as he does not object, that he assents and approves of the proceeding. We see no objections to the forms of the acknowledgments to the consents of the petitioners, and we think they are in compliance with section 1422 of the Code.

We think it cannot be maintained there is no cause of action against the signers of the bond, because they have become the bondsmen of the sheriff and seek to be substituted in his place by this motion. The section of the Code referred to makes them liable as parties when substituted in his place. There is no question, as to the power of the legislature to make such a provision.

There is no force in the position that the provision of the Code does not include the act of the sheriff, which is complained of, in ejecting the plaintiff from the premises in question and keeping him out of the same. The levy made by the sheriff includes the consequences which follow it. There was but a single act of the sheriff in levying upon the goods, and results which followed it were a part of that act, and hence it was but one transaction.

It is also insisted that the indemnitors are only bound in the sum of $1,000, while the action is to recover the sum of $2,000; and hence the bond is insufficient, and they should be compelled to furnish additional security. This was a matter in the discretion of the court below, and as it has failed to require additional security, the presumption is it was not deemed essential. It may be added that it does not distinctly appear that the sum named in the bond was stated so specifically as to be entirely controlling.

The order should be affirmed, with costs.

All concur.

Order affirmed.