# N. Y. COMMON PLEAS.

VICTOR HEIN, appellant, agt. ALEXANDER V. DAVIDSON, respondent.

*Liability of sheriff— Constitutional law — Code of Civil Procedure, sections 1421 to 1425 — Provisions of these sections declared unconstitutional and void.*

The provisions of sections 1421 to 1425 authorizing the substitution of sureties to the relief of the sheriff, sued for wrongful levy or attachment, are unconstitutional and void.

*General Term, January,* 1884.

*More, Aplington & More,* for appellant.

*Morris Goodheart,* for respondent.

VAN BRUNT, *J.* — The sole question raised on this appeal involves the power of the legislature to pass sections 1421 to

Hein agt. Davidson.

1425 of the Code, whereby it has undertaken to authorize the court to relieve the sheriff from liability for a trespass in cases where he has received indemnity, and substituting the responsibility of the indemnitors therefor.   There is no claim made· by the appellants here but that the provisions of the Code, as they now exist, seem to. protect the rights of the plaintiff to a. reasonable degree, but it is urged that if the legislature has. the right to exempt the sheriff from liability for a trespass under any circumstances, they have a right to remove the safeguards which now surround the exercise of the power and. leave the. party aggrieved to his remedy against the plaintiff on the execution or attachment, by virtue of which the sheriff claimed to be acting at the time of the alleged trespass.

It seems to me that it follows, as a matter of course, that if the legislature can say that a sheriff shall not be liable for the taking of the property of a third party, where he claims to. act by virtue of process against another, under any circumstances, they can equally well say that he shall not be liable for such a trespass under all circumstances.

In other words, if the legislature can say that where the sheriff takes, by virtue of an execution against A., the property of B. at the instigation of C. and D., that B.'s only remedy shall be against C. and D., and that the sheriff may be exonerated from all liability, then they can equally well say that if the sheriff, although not indemnified, takes the property of B. under an execution against A., that B. shall have no right of action against the sheriff.   Such legislation would seem to be a direct violation of the provisions of the constitution which declares that no person shall be deprived of life, liberty or property without due process of law.

In the case above presented a party would be deprived of his property without any redress whatever, the sheriff being freed from responsibility because he held process against another party at the time of the commission of the trespass. Although no process whatever existed against the parties injured, and although he never has had his day in court, his

Hein agt. Davidson.

property is taken and he has no redress. It would seem at once that no such power exists in any legislature.

But it is urged that the above is not the case presented for determination upon this appeal. The Code gives the party aggrieved a remedy against other parties; that the order is discretionary with the court, that it gives the court ample power to insist upon such authority as it may think necessary to fully secure the plaintiff, and that therefore a different question is presented. The answer to this suggestion seems to be that if the legislature has the power to relieve the sheriff from liability, having provided these safeguards against such relief acting to the injury of the aggrieved, they are the judge of the sufficiency of such safeguards, and they may provide for proper protection of the rights of the parties aggrieved or they may make such provision of law as would give no security whatever to the injured party, and he would be remediless. The words "due process of law," mean something in the constitution, and they are just as significant in their relation to property as they are in respect to life and liberty, and it will not be claimed that any man can be deprived of either life or liberty without an opportunity to be heard.

If the acts of the legislature under consideration are valid, then the party injured may be deprived of his property without a particle of redress against the party causing him the injury, merely because he is a public officer and pretending to act under process. The citizen is entitled to as much protection in respect to his property against the trespasses of an officer of the law, who holds no process against him, as he would be against the trespasses of any one of his fellow citizens, and it will hardly be claimed that the legislature could say that a party whose property had been taken by another should have no remedy against the trespasser, but his remedy must be confined to some other parties who instigated the trespass. It cannot be that our citizens hold their property by so slight a tenure, and that the legislature have the right to say that

Hein agt. Davidson.

they may be deprived of the same without their having any redress against the party causing the injury, because he is a public officer. A public officer has no greater right to commit wrongs than a private citizen, and where he is not protected by process against the injured party, he must be just as responsible for injuries caused.

It is true that in the case of *Hessburg* agt. *Riley* (91 *N. Y.*, 377) the courts say in their opinion that there is no question as to the power of the legislature to make such a provision, but no such point appears to have been raised, and the order was attacked upon totally different grounds; and it may very well be that all that was intended to be said was, that there was no question in that case as to the power of the legislature to make such a provision. In any event, until there has been a distinct adjudication by our highest courts that the legislature have the power to say that a party injured shall have no redress against the party committing the injury, if such trespass was instigated by others, but that this sole remedy shall be against the instigators, I cannot believe that the rights of our citizens are so feebly protected by our constitution.

The order appealed from should be reversed, and the motion denied, with ten dollars costs and disbursements of this appeal, and ten dollars costs of the motion to abide the final event.

J. F. DALY and BEACH, JJ., concurred.